**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD SCOTT KINDRED, | No.   17-17431 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01652-AWI-MJS |
| v. | |
| MARISA BIGOT; KENNETH BELL, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

California civil detainee Richard Scott Kindred appeals pro se from the district court's order denying his motions for a preliminary injunction and a temporary restraining order.  We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion.  *Religious Tech. Ctr., Church of Scientology*

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Int'l, Inc. v. Scott*, 869 F.2d 1306, 1309 (9th Cir. 1989). We affirm.

The district court did not abuse its discretion in denying Kindred's requests for preliminary injunctive relief against Bell because Kindred failed to demonstrate that he would likely suffer irreparable harm in the absence of the requested relief. *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014) (setting forth requirements for obtaining a preliminary injunction); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (explaining that standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical"); *Goldie's Bookstore v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."); *see also Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) ("In general, injunctive relief is to be used sparingly, and only in a clear and plain case." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Kindred's requests for preliminary injunctive relief against individuals not before the district court because the district court could not provide relief against such individuals. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) (federal courts "may not attempt to determine the rights of persons not before the court").

We reject as unsupported by the record Kindred's contentions that defendants did not serve Kindred copies of defendants' motions to strike and that

the district court failed to recognize Kindred is a civil detainee.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**